Filed 12/30/13  In re M.S. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION 3

| | |
|---|---|
| In re M.S., a Person Coming Under the Juvenile Court Law. | |
| LAKE COUNTY DEPARTMENT OF SOCIAL SERVICES, <br><br>     Plaintiff, Appellant, and Respondent; <br><br> v. <br><br> D.S., <br><br>     Defendant and Appellant; <br><br> B.S., <br><br>     Defendant and Respondent. | A138189 <br><br> (Lake County <br> Super. Ct. No. JV 320327) |

In this dependency case, two appeals have been taken from the juvenile court's order at the six-month review hearing.  The Lake County Department of Social Services (the Department) has appealed on the ground that the court erroneously extended services to the 12-month review, and the mother, B.S., has appealed on the ground that the court erroneously limited her visits to supervised visits.  At this point, the 12-month review has already occurred and custody of the minor has been returned to the minor's father, D.S. A new supervised visitation order has been entered with respect to the mother. Prior to the submission of father's responding brief, father moved to dismiss the Department's appeal as moot.  Although the juvenile court's order at the six-month hearing had already become moot as to the parties in this case, we denied the motion without prejudice based

1

largely on the Department's assertion that the case presented an important legal issue likely to recur without appellate intervention. Respondent father's brief, however, corrected the misapprehension underlying the Department's appeal, and the Department has chosen not to submit a reply. Since the order that is the subject of this appeal has been superseded by subsequent orders, and there is no reason to believe that the Department's misunderstanding is widespread, we shall dispense with the two appeals rather summarily.

The petition under Welfare and Institutions Code[1] section 300 with respect to then two-month-old M.S. was filed on April 9, 2012. The petition alleged, among many other things, that the mother, D.S., had untreated mental health issues and a history of substance abuse, that although services had been offered to her she continued to lack basic parenting skills and on several occasions had exhibited poor judgment in caring for the infant, placing M.S. at risk of harm, that both parents had exposed the minor to domestic violence in the home and that, despite obtaining a restraining order against father, mother had permitted father to enter the home where they engaged in both sexual activity and physical altercations, and that the father failed to protect the minor from the mother although he knew of her "substance abuse issues and mental health instability." Temporary custody was removed from both parents at a detention hearing on April 13, 2012. On May 7, mother stipulated to jurisdiction and the court sustained certain of the allegations as to father. At the June 11, 2012 disposition hearing, the court confirmed that B.S. is the biological and presumed father of M.S., ordered continued temporary placement of the minor with the Department, and ordered reunification services for both parents.

A contested six-month review hearing began on January 16, 2013, extended over several sessions, and concluded with the court's order delivered from the bench on

---

[1] All statutory references are to the Welfare and Institutions Code.

February 15, 2013. After an extended review of the evidence, the court found that both parents continued to suffer from a lack of insight into their responsibility for the behavior and attitudes that were contrary to the minor's long term best interests, and that the evidence was such that the court could not find that it was probable that M.S. could be safely returned to the custody of either parent at the 12-month review hearing to be held three months later. Nonetheless, over the Department's objection, the court stated that under *M.V. v. Superior Court* (2008) 167 Cal.App.4th 166, the court retained discretion to continue services for the following three months and "order[ed] what amounts now to three more months of services."

The Department has taken the position that the conclusion that the juvenile court drew from the decision in *M.V. v. Superior Court, supra*, 167 Cal.App.4th 166 is precluded by the Supreme Court's decision in *Tonya M. v. Superior Court* (2007) 42 Cal.4th 836. In *Tonya M.,* in the course of deciding how to measure the six-month period between the first and second review hearings, our Supreme Court stated: "During the second period, which runs from the six-month review hearing to the 12-month review hearing (§ 366.21, subd. (f)), a heightened showing is required to continue services. So long as reasonable services have in fact been provided, the juvenile court must find 'a substantial probability' that the child may be safely returned to the parent within six months in order to continue services. (§ 366.21, subd. (e).)" (*Id.* at p. 845.) However, as father's brief points out, at the time of that decision, section 361.5, subdivision (a)(2) read that "[f]or a child who, on the date of initial removal from the physical custody of his or her parent or guardian, was under the age of three years, court-ordered services *shall not exceed a period of six months from the date the child entered foster care*." (Stats. 2005, ch. 625, § 5; italics added.) Subsequent to the decision in *Tonya M.,* that section was revised and renumbered; the relevant portion of the section, which replaces the italicized language, now reads: "*shall be provided for a period of six months . . . but no longer than 12 months from the date the child entered foster care . . . .*" (§ 361.5, subd. (a)(1)(B);

3

Stats. 2012, ch. 35, § 48.) Thus, the extension of services until the 12-month review is now consistent with revised section 361.5, which is the controlling section concerning the provision of reunification services.

Moreover, the extension of services beyond the six-month review without a finding of substantial probability that the minor will be returned to the custody of a parent is not inconsistent with section 366.21, which governs the procedures for review hearings. The third paragraph of subdivision (e) of section 366.21 reads in relevant part: "If the child was under three years of age on the date of the initial removal . . . and the court finds by clear and convincing evidence that the parent failed to participate regularly and make substantive progress in a court-ordered treatment plan, the court *may* schedule a hearing pursuant to Section 366.26 within 120 days. If, however, the court finds there is a substantial probability that the child, who was under three years of age on the date of initial removal . . . may be returned to his or her parent or legal guardian within six months . . . the court shall continue the case to the 12-month permanency hearing." (Italics added.) This section permits the juvenile court to promptly schedule the hearing under section 366.26 if the court finds that the parents have not made substantial progress in their treatment plan, and it compels the court to continue the case to the 12-month review if it finds a substantial probability of return; it does not compel the court to schedule the 366.26 hearing, or to terminate services, even if it finds a lack of substantive progress and little likelihood of eventual return. As the court stated in *M.V. v. Superior Court,* "At the six-month review, the court has discretion to continue the case and forebear from scheduling a .26 hearing even if it does not make the finding there is a substantial probability the child may be returned to his or her parent. Section 366.21, subdivision (e), places discretion in the hands of the trial court as to whether to schedule a hearing to terminate parental rights." (167 Cal.App.4th at p. 179.)

Finally, the extension of services at the six-month review hearing is consistent with the governing Rules of Court, which say nothing about a need to find a substantial

4

probability of return in order to continue services at the six-month hearing. Rule 5.710, governing the six-month review hearing, states that if custody of the minor is not returned to a parent the court *may* then schedule a hearing under section 366.26 within 120 days (Cal. Rules of Court, rule 5.710 (b)(3)), but "[i]f the child is not returned and the court does not set a section 366.26 hearing, the court must order that any reunification services previously ordered will continue to be offered to the parent or legal guardian." (Cal. Rules of Court, rule 5.710 (b)(4); see also, e.g., *Fabian L. v. Superior Court* (2013) 214 Cal.App.4th 1018, 1027-1028; *S.T. v. Superior Court* (2009) 177 Cal.App.4th 1009, 1015-1016. )

Thus, the juvenile court plainly retained discretion to continue services for the time remaining until the 12-month review. We consider it equally plain that the court did not abuse its discretion in doing so. As the Department states, the court's decision was "based upon the quality of the relationship of the parents to the child evidenced during supervised visitation. The quality of that relationship and the application of some of the parenting skills in those supervised visits was the impetus" for its decision. Contrary to the Department's argument, the juvenile court did not abuse its discretion in relying on this evidence to justify the extension of services.

Nor, as to the mother's appeal, did the juvenile court abuse its discretion in ordering supervised visitation, based on, among other things, the evidence of prior domestic violence and the parents' anxiety "about being in the middle of reunification services with the prospect hanging over their heads of losing their child."

**Disposition**

The order entered at the six-month review hearing on February 15, 2013 is affirmed.

_____
Pollak, J.

We concur:


_____
McGuiness, P.J.


_____
Jenkins, J.